# Gideon Orion Oliver
**Attorney at Law**
277 Broadway, Suite 1501
New York, New York 10007

(646) 263-3495 (phone)  
(646) 349-2914 (fax)*

Gideon@GideonLaw.com*
*Not for service


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/12/2016

September 9, 2016

**BY ECF AND BY HAND**
Hon. Denise L. Cote
United States District Court - SDNY
500 Pearl Street, Room 1610
New York, NY 10007

Re:  Discovery Dispute - *Dekuyper v. NYC, et al.*, 14-cv-8249 (DLC)

**MEMO ENDORSED**

Your Honor:

As counsel for Plaintiff, I submit this pre-motion conference letter-request in advance of an application pursuant to Fed.R.Civ.P. 26, 36, and 37 related to the discovery summarized in the attached Exhibit A. The parties met and conferred telephonically about disputes related to that discovery on September 6, 2016 and were unable to resolve them. By way of background, at the height of a large Occupy Wall Street ("OWS") demonstration in the Times Square area on October 15, 2011, Plaintiff John Scott Dekuyper was beaten and arrested by NYPD officers, as a result of which he suffered a concussion and faced prosecution for over a year, among other injuries, before the case was ultimately dismissed after a motion by the prosecutor because the prosecutor determined it could not prove the case beyond a reasonable doubt.

Early on in discovery in the civil case, the parties exchanged videos related to the incident, including one video in particular showing Mr. Dekuyper's beating and arrest at around 0:10-1:15, available at https://www.youtube.com/watch?v=R5WbPpJmUmQ. In Defendants' answer, they attached stills from that video. At each of the depositions, the parties used that video extensively in questioning the witnesses about the incident, including as part of Plaintiff's attempts to identify NYPD officers who were present at the scene of Mr. Dekuyper's arrest. On that front, Defendants' Initial Disclosures do not identify any non-parties who were or who may have been witnesses to Mr. Dekuyper's arrest, except for one NYPD Captain (William Gardner, who allegedly had "information related to the arrest of Plaintiff"). In Plaintiff's discovery demands in this case, served in November of 2015, Plaintiff demanded that Defendants identify persons who had "Personal Knowledge" related to Mr. Dekuyper's arrest, arrest processing, or prosecution, as well as documents reflecting such. Defendants' February 5, 2016 responses to Plaintiffs' discovery demands did not amplify the list of potential witnesses at the scene identified by Defendants and did not provide any information about Captain Gardner's alleged "information related to" Plaintiff's arrest. Instead, they referred Plaintiff to "individuals identified in" the hundreds of pages of discovery and all of the video evidence disclosed. Captain Gardner's name appears nowhere else in the record that Plaintiff's counsel is aware of.

Out of nowhere, on August 2, 2016, Defendant Esposito identified Captain Gardner, and seven other NYPD officers, while watching the video of the arrest referred to above, as having been present at the scene of Mr. Dekuyper's arrest, and in some cases as having apparently been involved in it. At Defendant Esposito's August 2, 2016 deposition, he admitted for the first time that almost none of what Defendant Mullane swore in the criminal court complaint, based on which Mr. Dekuyper was prosecuted, was accurate. Defendant Esposito had previously sworn, in a supporting deposition, that he had read the contents of the criminal court complaint, and that it was accurate. Defendant Esposito explained that he had made a "mistake" in swearing to things that were not true. Defendant Esposito also claimed, for the first time, that Mr. Dekuyper had attempted to break through police barriers, steal Defendant Esposito's shield, and attack police not just one time, but two times, prior to his arrest - once prior to the events depicted in the video. Significantly, there is no mention in any NYPD or DANY paperwork of any attempt by Mr. Dekuyper to attack any police. Also for the first time at his deposition, Defendant Esposito testified that, also prior to the events in the video, after Mr. Dekuyper's first alleged attempt to break through police barriers and to steal Defendant Esposito's shield, Defendant Esposito had verbally informed numerous other NYPD officers at the scene that Mr. Dekuyper was to be placed under arrest. At his deposition, Defendant Esposito's identification of the police Mr. Dekuyper allegedly attempted to attack was ambiguous and he could not identify any of the officers whom he allegedly informed that Mr. Dekuyper was to be arrested. And finally, also at Defendant Esposito's deposition, Defendant Esposito expressed shock that the criminal case against Mr. Dekuyper, in which he was the main complainant, had been dismissed by the prosecutor's office based on the prosecution's inability to prove the case beyond a reasonable doubt after around 11 court appearances.

Defendants have not supplemented their responses to Plaintiff's demands seeking disclosure of witnesses with Personal Knowledge related to Mr. Dekuyper's arrest, arrest processing, or prosecution since February of 2016. Within days after I received the transcript of Defendant Esposito's deposition and provided it to defense counsel, on August 29, 2016, I served notices of deposition seeking testimony from five people whom had then been recently identified as having been witnesses on the scene of Mr. Dekuyper's arrest, as well as requests for admissions seeking to establish whether they, or any of the other potential witnesses recently identified by Defendants, have any Personal Knowledge, or knowledge based upon information and belief, regarding Mr. Dekuyper's arrest, arrest processing, or prosecution, asking that Defendants supplement their responses to Plaintiff's interrogatories and discovery demands seeking a written list of witnesses with such knowledge, and seeking identifications of the officers whom Defendant Esposito testified Mr. Dekuyper attempted to attack and whom he allegedly informed that Mr. Dekuyper was to be placed under arrest. On September 2, 2016, Defendants indicated they would refuse to produce any of the witnesses for the depositions that were noticed on August 29, 2016, refuse to respond to the Requests for Admissions, and refuse to provide the information demanded. The parties met and conferred telephonically the next business day. DANY produced additional documents yesterday, that were potentially relevant to this application, and this application follows.

Plaintiff seeks or an order compelling Defendants to produce the witnesses, discovery, and/or admissions sought, as described in Exhibit A, precluding Defendants from offering evidence, and/or granting other such relief as the Court may deem just and proper.

Thank you for your attention to these matters.

Respectfully submitted,

*[signature]*

Gideon Orion Oliver

cc: Opposing counsel (by ECF)

> Summary judgment is due 9/16/16. The Court imposes a two page limit on discovery dispute letters; the two letters of 9/9/16, taken together, exceed that limit. The requests in the two letters are denied as untimely, among other reasons. Should the defendants call any of "five" witnesses identified by Esposito as trial witnesses, the plaintiff may depose them in advance of their trial testimony.
>
> *[signed] Denise Cote*
> 9/12/16